**262 P.2d 780**

### SCOTT v. CITY OF TRUTH OR CONSEQUENCES.

No. 5682.

Supreme Court of New Mexico.

Oct. 28, 1953.

W. C. Whatley, W. B. Darden, LaFel E. Oman, Las Cruces, for appellant.

Douglass K. FitzHugh, Truth or Consequences, for appellee.

COMPTON, Justice.

The decisive question presented by this appeal is whether revenues derived from municipally owned and operated revenue-producing enterprises, for the purchase or improvement of which the municipality shall have issued its bonds, may be used for other corporate purposes so long as rights of bondholders are outstanding.

Appellee instituted this action to enjoin the diversion of funds by the City of Truth or Consequences, and for the appointment of a receiver. The city owns and operates its utilities, consisting of waterworks, sewer and electric systems, for the improvements and extensions of which, the municipality in 1945 issued its revenue bonds in the amount of $520,000. The bonds are in denominations of $1,000, numbered 1 to 520 inclusive, payable serially in numerical order July 1, each year. The major portion of the bonds are outstanding, however, they are being retired currently as they mature. The complaint alleges that appellant, pursuant to an ordinance enacted by it, diverted and transferred funds from the earnings of the electrical and sewer system to the general fund of the municipality. It is admitted that a percentage of the net revenues derived from its operation is being transferred to the "electric surplus account"; thence, to the general fund of the municipality to be used for other corporate purposes. The evidence is not in dispute. Appellant simply challenges the alleged invalidity of its acts in so doing.

The court found that for the years 1951–1952, appellant thus diverted the sum of $20,000 of the earnings of the utility to the general fund which was used by the municipality for grading, improving and paving of its streets; and accordingly, issued its order restraining such further transfer.

The controlling statutes read:

"The revenue derived from the operation of any public utility owned and operated by a municipality, for the purchase, construction, repair, improvement, or enlargement of which the municipality shall have issued bonds, shall be applied, (a) to the maintenance of said public utility in good repair, to the improvement and extension thereof and the payment of legitimate expenses of operation, (b) to the payment of the interest on the bonds so issued for the purchase or construction of such public utility, (c) to the creation of a sinking fund provided by the terms of the bonds or the law governing their issue." § 14–3523, 1941 Comp.

"It shall be the duty of every municipality to maintain such public utility in good repair, to improve and enlarge the same so as to accomplish the objects and purposes for which it was designed." § 14–3524, 1941 Comp.

"It shall be the duty of every municipality coming within the provisions of this act * * * to fix, establish, charge and collect for the service rendered by the public utility such rents, rates, charges and prices as will furnish sufficient funds to meet the requirements of this act * * * and to apply such funds in the manner provided by this act * * * *and in no other manner;* Provided, however, that the raising of sufficient funds, as provided by this act * * to create a sinking fund shall be optional with the municipality." (Emphasis ours.) § 14–3525, 1941 Comp.

■ The purposes for which borrowed money may be used are designated by statute. Since the obligation is not a debt in a constitutional sense, such funds can only be applied to the maintenance of the utility, etc., the payment of interest on the bonds, or to create a sinking fund, but in no event for other purposes. The statute is plain but if we entertained doubts as to the correctness of the conclusion reached, we would only have to look to the New Mexico Constitution. Art. 9, § 9, specifically provides that money borrowed by a municipality shall be applied to the purpose for which it was borrowed or to repay the loan and to *no other purpose whatsoever.* Both place a limitation on the use of funds borrowed by a municipality whose utility system, together with the net revenues derived therefrom, is the sole security therefor. See George v. City of Asheville, 4 Cir., 80 F.2d 50, 103 A.L.R. 568, where the cases are assembled. It will be noted there are cases to the contrary but they are grounded on statutory or constitutional provisions. See Annotation 165 A.L.R. 845.

■ It is asserted the findings have no support in the evidence. In this respect the facts found are essentially those admitted by appellant's answer, and judgment might well have been rendered on the pleadings. Nevertheless, we have reviewed the evidence and it is found to be substantial. And in view of the contention that the diversion is proper, it is not unreasonable to suppose that the practice will continue, unless restrained. The exercise of injunctive relief was clearly warranted.

The judgment will be affirmed, and it is so ordered.

SADLER, C. J., and McGHEE, LUJAN and SEYMOUR, JJ., concur.