575 P.2d 605 (1978)
91 N.M. 421
STATE of New Mexico ex rel. BOARD OF COUNTY COMMISSIONERS OF BERNALILLO COUNTY, New Mexico, Petitioner-Appellant,
v.
Vincent J. MONTOYA, Director of the State Department of Finance and Administration, and the State Department of Finance and Administration, Respondents-Appellees.
No. 11660.
Supreme Court of New Mexico.
March 3, 1978.
Joe C. Diaz, County Atty., Vance Mauney, Associate Counsel, Albuquerque, for petitioner-appellant.
Malcolm W. deVesty, Albuquerque, for amicus curiae.
Toney Anaya, Atty. Gen., Robert M. Strumor, John J. Duran, Asst. Attys. Gen., Santa Fe, for respondents-appellees.

OPINION
McMANUS, Chief Justice.
This is a petition for writ of mandamus filed in the District Court of Santa Fe County by the Board of County Commissioners of Bernalillo County as petitioner (hereinafter the county) naming Vincent J. Montoya, Director of the State Department of Finance and Administration and the State Department of Finance and Administration as respondents. An alternative writ *606 of mandamus was granted by the district court. Respondents filed a motion to quash the alternative writ of mandamus and the district court entered its order quashing the alternative writ of mandamus and dismissing the petition for writ of mandamus with prejudice. The county appeals from the order quashing the writ and dismissing the petition. We affirm the order of the district court.
General obligation bonds of the county were authorized and approved for construction of a county detention facility, and for construction and equipping of a county juvenile detention home. The bonds were sold and the proceeds thereof were incorporated into the 1976-77 fiscal year budget of the county and approved by respondents. The county had invested the proceeds from the sale of the bonds both for the detention facility and the juvenile detention home and as of April 30, 1977 interest had accrued thereon in the sum of $433,874.83. This amount was incorporated into the 1976-77 fiscal year budget of petitioner which allocated the expenditure of the interest which had accrued on the proceeds of the sale of all of the bonds (both for the county detention facility and the juvenile detention home) for the construction of the juvenile detention home. The amendment to the 1976-77 fiscal year budget of the county was submitted to respondents for approval and respondents refused to approve said budget transfer of funds from one budget item to another. Respondents' denial of the approval of the budget amendment is based upon an opinion of the Attorney General, Op. Att'y Gen. 76-16 (1976), directed to respondent Vincent Montoya, which stated that the City of Albuquerque could not use the interest earned from the temporary investment of general obligation bond proceeds for general operating expenses of the city.
The county argues two points:
Point I. There is no statute which prohibits the use of interest accrued as earnings from general obligation bonds to be used for a purpose other than that for which the bonds must be used.
Point II. Mandamus is the appropriate remedy to require respondent to comply with the statutory mandate.
The county argues that there is no New Mexico statute or constitutional provision which regulates how income from the investment of general obligation bonds issued by counties shall be used, and that therefore, there is no restriction on the use of the interest.
It is clear from Article IX, Section 9 of the New Mexico Constitution that the proceeds of the bond sale must be applied to the purpose for which the bond was obtained, or to repay the loan, and to no other purpose. Article IX, Section 9, states:
Any money borrowed by the state, or any county, district, or municipality thereof, shall be applied to the purpose for which it was obtained, or to repay such loan, and to no other purpose whatever.
In addition, §§ 15-49-6.2, N.M.S.A. 1953 (Supp. 1976) and 15-49-19, N.M.S.A. 1953 allow the board of county commissioners to issue general obligation bonds for the purpose of building county detention facilities, and provide that the bonds and the proceeds shall not be used for any other purpose than that for which they were issued. Section 15-49-6.2 authorizes boards of county commissioners to issue general obligation bonds to construct jails, juvenile detention homes and other public facilities.
Section 15-49-19, supra, states:
Use of funds for specific purpose  Misapplication  Penalty.  No bonds issued under this article nor the proceeds thereof, shall be used for any other purpose than that for which they were issued.
There is no dispute that the funds or proceeds of the general obligation bonds in question in the case at bar were issued by the county for the specific purpose of constructing and equipping a county detention facility. This is the purpose for which the voters approved the bonds. Once this fact is established, it is only left to determine whether the interest from the investment of the proceeds may be used for a different *607 purpose than that for which the proceeds may be used, namely, the construction of a juvenile detention home.
Absent a special statutory provision, the general rule is that interest is an accretion or increment to the principal fund earning it, and becomes a part of that fund. Pomona City School Dist. v. Payne, 9 Cal. App.2d 510, 50 P.2d 822 (1935); Bordy v. Smith, 150 Neb. 272, 34 N.W.2d 331 (1948); State v. Straub, 240 Or. 272, 400 P.2d 229 (1965). Since the interest from the investment of the proceeds of the bonds for the county detention facility is a part of those proceeds, it may be used only for the purpose for which the bonds were approved. See Scott v. City of Truth or Consequences, 57 N.M. 688, 262 P.2d 780 (1953). The interest may not be diverted to the construction of the juvenile detention facility.
Article X, Section 6D of the New Mexico Constitution regarding municipal home rule states:
A municipality which adopts a charter may exercise all legislative powers and perform all functions not expressly denied by general law or charter.
See Apodaca v. Wilson, 86 N.M. 516, 525 P.2d 876 (1974). In addition, the Municipal Charter Act, § 14-14-5, N.M.S.A. 1953, provides,
the charter shall not be inconsistent with the Constitution of New Mexico, . .
Based on the above, N.M. Const. art. IX, § 9, restricts the use of proceeds from general obligation bonds to the purpose for which they were obtained, or to repay the loan. Interest obtained from the investment of such proceeds is part of those proceeds. Pomona City School Dist. v. Payne, supra; Bordy v. Smith, supra; State v. Straub, supra. The New Mexico Constitution then restricts the use of said interest for the purpose for which the bonds were issued, and to pay the principal and interest on the bonds. Any other purpose would be inconsistent with the constitution and contrary to general law, and could not be authorized by the home rule doctrine. Apodaca v. Wilson, supra.
Therefore, the quashing of the alternative writ of mandamus was proper and we need not reach the issue of the propriety of mandamus.
IT IS SO ORDERED.
EASLEY and PAYNE, JJ., concur.