INDEPENDENT SCHOOL DISTRICT # 1 OF TULSA COUNTY, Oklahoma, Independent School District # 2 of Tulsa County, Oklahoma, Independent School District # 3 of Tulsa County, Oklahoma, Independent School District # 5 of Tulsa County, Oklahoma, Independent School District # 9 of Tulsa County, Oklahoma, Appellees,

v.

BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF TULSA, Oklahoma, and John F. Cantrell in his official capacity as County Treasurer of Tulsa County, Oklahoma, Appellants.

No. 58755.

Supreme Court of Oklahoma.

Dec. 27, 1983.

David L. Moss, Dist. Atty., Dist. 14, David A. Carpenter, Asst. Dist. Atty., Tulsa, for appellants.

David L. Fist, J. Douglas Mann, Rosenstein, Fist & Ringold, Tulsa, for appellees.

OPINION

ALMA D. WILSON, Justice.

The issue on appeal is whether public school districts are entitled to interest earned on local tax revenues attributable to public school districts. We hold that they are and affirm the judgment below. Appellants' motion for oral argument is denied.

The plaintiff-appellees, school districts, brought suit against the Board of County Commissioners and the County Treasurer of Tulsa County seeking (1) to recover all interest on state and local tax revenue apportioned to named plaintiff school districts earned during three years immediately pri-

or to the filing of the lawsuit; (2) a declaratory judgment that the plaintiff school districts are entitled to the distribution of all interest earned on state and local tax revenue funds attributable to any of the plaintiffs held by the County Treasurer, at the time such tax revenues are apportioned and distributed by the County Treasurer; and (3) injunctive relief enjoining the County Treasurer and the Board of County Commissioners from disbursing to the Tulsa County General Fund or anyone other than the plaintiff school districts, interest earned on tax revenues attributable to the plaintiffs.

Both parties filed motions for summary judgment upon all three of the school districts' causes of action. The record shows that the parties entered and filed a joint stipulation of facts, which the District Court adopted as its findings. Within the stipulations the parties recognized that the County Treasurer receives a variety of local and state tax funds and other revenues which he is required on a monthly basis to apportion and distribute to local governmental units within Tulsa County. During the time prior to distribution the tax and revenue funds remain in the custody of the County Treasury who invests the monies in interest bearing accounts at the direction of the Board of County Commissioners.

The parties also stipulated to the fact that on February 25, 1976, the Board of County Commissioners passed a resolution directing the County Treasurer to distribute the entire interest amount earned on the deposited but unapportioned and undistributed, local tax and state tax and revenue funds to the Tulsa County General Fund, rather than to the units of local government within the county, such as the plaintiff school districts. It was further agreed that in calculating apportionment and distribution of these funds, "the County Treasurer does not apportion nor does he distribute to the plaintiffs any of the interest earned on such local tax and state tax and revenue funds which are attributable to the plaintiffs."

With respect to state taxes and revenues, the parties stipulated to the following statement which narrows the issue on appeal to the matter of local taxes:

"6. The parties recognize that all state tax and revenue funds attributable to the plaintiffs herein are capable of apportionment and distribution to the plaintiffs at an early date following the receipt of such funds by the County Treasurer and accordingly such early payment will avoid the issue of whether interest is due to the plaintiffs on such state tax and revenue funds. As a result, the parties stipulate and agree that beginning July 1, 1982, all state tax and revenue funds attributable to the plaintiffs herein within two (2) days of the receipt of such funds by the County Treasurer (excluding Saturdays, Sundays and legal holidays) or such time as the state tax and revenue funds are collected by the County Treasurer whichever comes latest based on the apportionment formula presently in effect and that an Order effectuating such result may be entered in this case without objection of any party to this action."

The dispute centers on interpretation of Laws 1917, c. 221, p. 405, § 1, now 70 O.S. 1981, § 691, which provides:

The County Treasurer shall immediately upon the passage and approval of this act place to the credit of the common school fund of the county for distribution, as all other common school funds, all the interest money now on hand accrued on the average daily balances of money deposited with banks in pursuance of the provisions of the county depository law: *All such interest moneys hereafter collected shall at the close of each month be apportioned and credited to the common school fund of the county. (Emphasis added.)*

The District Court granted summary judgment for the defendants as to the school districts' first cause of action seeking retroactive award of interest,[1] but granted

1. Summary judgment for the defendants on the    first cause of action has not been cross-appeal-

judgment for the school districts on their second and third causes of action.

The appellants urge that Section 691 does not control, arguing that legislative history indicates the section was originally limited in scope to interest earned on demand deposits and that it has been superceded by 62 O.S.1981, § 348.1. We reject these arguments and hold that the two sections can be read harmoniously. Section 348.1 provides:

The *county treasurer* in any county, *when authorized by the board of county commissioners or the lawful treasurer of any city, town or school district, as the* case may be, *when authorized by the appropriate governing body,* is hereby authorized to invest any monies in the custody of the treasurer in: (a) direct obligations of the United States Government to the payment of which the full faith and credit of the Government of the United States or of the State of Oklahoma is pledged; or (b) certificates of deposits of banks and trust companies when such certificates of deposits are secured by acceptable collateral as in the deposit of other public monies; or (c) in savings accounts or savings certificates of savings and loan associations, banks and trust companies, to the extent that such accounts or certificates are fully insured by the Federal Savings and Loan Insurance Corporation, or the Federal Deposit Insurance Corporation, *whenever the appropriate governing board shall determine by resolution that said monies cannot then be used for the purpose for which they are to be expended. Provided, that the income received from said investment may be placed in the general*

*fund of the governmental subdivision to be used for general governmental operations or in the sinking fund or the fund from which the investment was made. (Emphasis added.)*

Plainly read, Section 348.1 governs investments of funds which have already been apportioned but which cannot presently be used. It allows a county treasurer or any treasurer of any city, town or school district to invest monies in his custody *when authorized by the appropriate governing body.* Income from the investments is to be placed in the *subdivision's* (here the school district's) general fund or used for its general operations, or placed in the sinking fund or the fund from which the investment was made. *A fortiori* it is not until after apportionment of monies has been made that, for example, a school district would determine that the monies could not then be expended and would authorize the county treasurer or its own appointed treasurer to invest the idle funds. Title 70 O.S.Supp.1983, § 5–114, permits a school district to elect either to have the county treasurer act as its treasurer, or to hire its own treasurer. Obviously a school district's treasurer would not have funds in his custody to invest until *after* apportionment and distribution. We therefore find to be without merit the appellants' proposition that Section 348.1 is authority to pay interest earned on taxes and revenues attributable to the school districts into the Tulsa County General Fund.

■ Appellants also argue that 19 O.S. Supp.1982, § 682, supports their position that interest collected on monies is lawfully paid into the county general fund.[2] It is a

---

ed and is therefore not subject to review.

2. Title 19 O.S.Supp.1982, § 682, provides:
   It shall be the duty of each and every county officer, county board, county commission and all members and employees of either thereof, to deposit daily in the official depository designated in Section 681 of this title, all monies, checks, drafts, orders, vouchers, funds, rentals, penalties, costs, proceeds of sale of property, fees, fines, forfeitures and public charges of every kind received or collected by virtue or under color of office, except that each county clerk and court clerk is

hereby authorized to keep in the office, from this deposit, no more than One Hundred Dollars ($100.00) to be used to meet those operational needs that may arise after the daily deposit has been made. The amount so retained shall not be cumulative so that after each such deposit there shall not be on hand more than One Hundred Dollars ($100.00). A notation of the retention of this money shall be made in the proper accounting records. All checks, drafts, orders and vouchers so deposited shall be credited and cleared at par, and should payment be refused on any

long-standing rule of construction that where there are two statutory provisions, one of which is special and clearly includes the matter in controversy, and prescribes different rules and procedures from those in a general statute, the special statute, and not the general statute applies. *Southwestern Bell Tel. Co. v. Oklahoma County,* 618 P.2d 915 (Okl.1980). It follows then that the specific provisions of Section 691 control, rather than the general provisions of Section 682.

■ We hold that 70 O.S.1981, § 691, controls the disposition of interest earned on local taxes invested prior to apportionment and distribution to the school districts. Under Section 691 income earned on such investments cannot be lawfully paid into the county's general fund. *See, Protest of Chicago, R.I. & P. Ry. Co.,* 151 Okl. 139, 2 P.2d 937 (1931); *State v. Wenner, supra,* n. 2.

Further, the rule of law that interest is an accretion or increment to the principal fund earning it absent legislation,[3] indicates this result—for Okla. Const. Art. 10, § 19, provides that no tax levied and collected for one purpose shall ever be devoted to another purpose.[4] For like resolution of similar issue, see *Mears v. Little Rock School Dist., supra,* n. 3.

■ The final issue on appeal is whether the District Court acted properly in enjoining the County Treasury from distributing any interest earned on investments attributable to the named plaintiff school districts to anyone other than the plaintiffs. We find that upon the joint-stipulation of facts injunctive relief was warranted. A violation of a state statute is an injury to the state and its citizens, and a continuing violation is an irreparable injury for which

check, draft, order or voucher, should the same prove otherwise worthless the amount thereof and any costs accruing thereon shall be a charge against the account theretofore credited with the same, and the officer, board, commission or member or employee of either thereof so depositing any such unpaid or worthless check, draft, order or voucher shall be liable for any loss to the county, its funds, or funds under its management occasioned by the acceptance of any such unpaid or worthless check, draft, order or voucher. All monies when so received by the county treasurer, as such official depository, shall be by him deposited in the banks designated and qualified as county depositories as now provided by law and shall draw interest at a rate of not less than three percent (3%) per annum on average daily balances, which said interest shall be paid monthly; and, when collected, shall be credited to the respective funds and accounts so earning the same; provided, that all interest collected on monies deposited pursuant to the provisions hereof shall be paid into the county treasury monthly by the authority to whose account the same shall have accrued and shall be credited to the general or contingent fund of the county, except that in civil cases all interest earned on funds, other than court costs, deposited in court by litigants shall follow the fund and be disposed of as the court orders.

In *State v. Wenner,* 121 Okl. 190, 249 P. 408 (1926), this Court in construing the first clause of the last sentence of Comp.St.1921, § 8621, now 19 O.S.Supp.1982, § 682, held that Section

8621 neither repealed nor modified Comp.St. 1921, § 8583, now 70 O.S.1981, § 691. In applying rules of construction that repeals by implication are not favored, that specific provisions control general, and that the intention of the legislature must govern, the Court observed:

"An examination of these statutes discloses that they were both enacted by the Legislature of 1917, and that each was approved by the Governor, one within a few hours of the other. Can it be said that the said section 8583 was changed, repealed, or modified by the said quoted provision of section 8621? We think not."

(The 1982 amendments to Section 682 allow for the retention of money for operational needs and do not pertain to the issues at hand.)

**3.** *See, City of New Orleans v. Fisher,* 180 U.S. 185, 21 S.Ct. 347, 45 L.Ed. 485 (1901); *Mears v. Little Rock School Dist.,* 268 Ark. 30, 593 S.W.2d 42 (1980); *Pomona City School Dist. v. Payne,* 9 Cal.App.2d 510, 50 P.2d 822 (1935); *State of New Mexico ex rel. Board of County Commissioners v. Montoya,* 91 N.M. 421, 575 P.2d 605 (1978).

**4.** Okla. Const. Art. 10, § 19, provides:

Every act enacted by the Legislature, and every ordinance and resolution passed by any county, city, town, or municipal board or local legislative body, levying a tax shall specify distinctly the purpose for which said tax is levied, and no tax levied and collected for one purpose shall ever be devoted to another purpose.

injunctive relief is available. *Semke v. State ex rel. Okl. Motor Vehicle Com'n,* 465 P.2d 441 (Okl.1970).

Judgment of the District Court is affirmed.

BARNES, C.J., SIMMS, V.C.J., and LAVENDER, DOOLIN and OPALA, JJ., concur.