Dear Honorable Roberson,
The Attorney General has received your request for an official opinion, asking:
 "(1) Does 22 O.S. 114 (1985), create one (1) or two (2) funds or accounts with the County Treasurer?
 "(2) Whether one (1) or two (2) funds or accounts, to whom does any interest earned on such funds or accounts while on deposit with the County Treasurer belong?
 "(3) If moneys in such funds or accounts accumulate to the point that they should be placed in interest-bearing accounts with proper financial institutions, may the District Attorney designate or pick the financial institution?"
 I.
Pursuant to 22 O.S. 111 et seq. (1985), each district attorney is required to create within his office a Bogus Check Restitution Program. The district attorney is permitted to enter into a written restitution agreement with a defendant to defer prosecution on the bogus check for a period not to exceed six (6) months, pending full restitution being made to the victim of the bogus check. 22 O.S. 114(A). (1985) Title 22 O.S.114(B) and 22 O.S. 114(C) (1984) provide:
 "B. Each restitution agreement shall include a provision requiring the defendant to pay a fee equal to the amount which would have been assessed as court costs upon filing of the case in district court to the district attorney for each check covered by the restitution agreement. This money shall be deposited in a special fund with the county treasurer to be known as the `Bogus Check Restitution Program Fund'. This fund shall be used by the district attorney to defray the expense of the Bogus Check Restitution Program. The district attorney shall keep records of all monies deposited to and disbursed from this fund. The records of the fund shall be audited at the same time the records of county funds are audited.
 "C. Restitution paid by the defendant to the victim shall include the face amount of the check plus any charges the victim may have been required to pay to his bank as the result of having received the bogus check. If, instead of paying restitution directly to the victim, the defendant delivers restitution funds to the office of the district attorney, the district attorney shall deposit such funds in a depository account in the office of the county treasurer to be disbursed to the victim by a warrant signed by the district attorney or a member of his staff assigned to the Bogus Check Restitution Program. The district attorney shall keep full records of all restitution monies received and disbursed. These records shall be audited at the same time the county funds are audited."
Subsection 114(B) contemplates that certain fees shall be deposited into a special fund known as the "Bogus Check Restitution Fund." Said fees must be used to defray the expense of the Bogus Check Restitution Program. Subsection 114(C) provides that if the restitution is delivered to the Office of the District Attorney such funds shall be deposited into a depository account which will be disbursed to the victim. Both a special fund and a depository account are created, and the funds garnered are used for different purposes.
 "Statutes must be interpreted to render every word and sentence operative, rather than in a manner which would render a specific statutory provision nugatory."
Matter of Request of Hamm Prod. Co. For Ext., 671 P.2d 50, 53 (Okla. 1983). In answer to your first question, 22 O.S. 114 (1985) creates two accounts with the county treasurer.
 II.
The issue of interest earned must be examined as to each account created. The county treasurer is "designated and made the official depository" for all monies and funds that may be received by any county officer by virtue or under color of office. 19 O.S. 681 (1981). The provisions of 19 O.S. 682 (1985) provide, in part:
 "It shall be the duty of each and every county officer, county board, county commission and all members and employees of either thereof, to deposit daily in the official depository designated in 19 O.S. 681 of this title, all monies, checks, drafts, orders, vouchers, funds, rentals, penalties, costs, proceeds of sale of property, fees, fines, forfeitures and public charges of every kind received or collected by virtue or under color of office. . . . All monies when so received by the county treasurer, as such official depository, shall be by him deposited in banks designated and qualified as county depositories as now provided by law and shall draw interest at a rate of not less than three percent (3%) per annum on average daily balances, which said interest shall be paid monthly; and, when collected, shall be credited to the respective funds and accounts so earning the same; provided, that all interest collected on monies deposited pursuant to the provisions hereof shall be paid into the county treasury monthly by the authority to whose account the same shall have accrued and shall be credited to the general or contingent fund of the county, except that in civil cases all interest earned on funds, other than court costs, deposited in court by litigants shall follow the fund and be disposed of as the court orders." (Emphasis added).
While the interest initially is credited to the respective fund earning the same, thereafter, the interest must be placed into the general fund. The Legislature intended to have interest collected on monies deposited pursuant to the provisions of 19 O.S. 682 "credited to the general or contingent fund of the county." A.G. Opin. No. 83-73. One must give effect to the intent and purpose of the Legislature as expressed in the statute. Central Liquor v. Okla. Alcoholic Bev. Control Bd., 640 P.2d 1351,1354 (Okla. 1982). The interest earned upon each account is credited to the general fund of the county.
This office is mindful of the general rule of law enunciated in the case of Independent Sch. Dist. No. 1 v. Bd. of Cnty. Com'rs, 674 P.2d 547
(Okla. 1983), wherein the Supreme Court recognized "[t]he rule of law that interest is an accretion or increment to the principal fund earning it absent legislation[.]" (Emphasis added).674 P.2d at 550. A county, in the absence of clear statutory authority, cannot assume to be the owner of the interest increments upon special funds. See, Pomona Cnty. SchoolDist. v. Payne, 50 P.2d 822 (Cal.App. 1935). In this scenario, however, there is clear statutory authority to credit the interest earned to the general or contingent fund of the county. 19 O.S. 682 (1985).
 III.
The special fund and depository account both are deposited with the county treasurer. Title 19 O.S. 121 (1981) provides in part:
 "The county treasurer of each county shall deposit
daily (not later than the immediately next banking day) all the funds and monies of whatever kind that shall come into his possession by virtue of his office as such county treasurer in his name and county treasurer in one (I) or more banks located in the county and designated by the board of county commissioners as county depositories." (Emphasis added).
Title 19 O.S. 122 (1981) provides, in part:
 "Provided, nothing in this act shall be construed to prohibit the county treasurer from depositing funds of the county in banks outside of the county when such bank shall give security in the amount and in the manner hereinbefore provided. And, provided further, where local banks or banks outside of the county fail to put up the securities required by this act, said county treasurer is hereby authorized to deposit any funds in his hands with the State Treasurer as official depository and the State Treasurer as such official depository is hereby authorized to receive said county de posits; the same to be withdrawn on the voucher of the office de positing said funds."
Once the funds come into possession of the county treasurer, the county treasurer designates which financial institution will be the depository, provided that the financial institution has been designated by the board of county commissioners as a county depository.
It is, therefore, the official opinion of the Attorney Generalthat:
 1. Title 22 O.S. 114 (1985) creates both a special fund and a depository account with the county treasurer;
 2. The interest earned upon each account is credited to the general fund of the county; and
 3. The county treasurer designates which financial institution will be the depository, provided that said institution has been designated by the board of county commissioners as a county depository.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
ROBERT W. COLE, ASSISTANT ATTORNEY GENERAL