The STATE of Oklahoma ex rel. Robert H. MACY, Appellant,

v.

ITEMS AND MONEY SEIZED FROM FLAMINGO BINGO, etc., Appellees.

No. 65349.

Court of Appeals of Oklahoma, Division No. 3.

June 16, 1987.

Robert Macy, Ellen C. Callaway, Oklahoma City, for appellant.

Lawrence K. Donahoe, Midwest City, for appellees.

HANSEN, Presiding Judge:

■ Does conducting a bingo game without a valid license constitute gambling, thus authorizing the State of Oklahoma to seize the bingo equipment under 21 O.S. 1981 §§ 943 and 973. We hold that it does not.

Bingo games are regulated under the police power of the State of Oklahoma pursuant to 21 O.S.1985 Supp. §§ 995.1–995.15. These statutes provide for licensing of bingo games and specific penalties for failure to obtain such a license. These penalties do not include forfeiture of the equipment.

■ Bingo cards are not "punch boards" as claimed by the State and defined as gambling devices by 21 O.S.1981 § 966 and thus subject to forfeiture under 21 O.S. 1981 § 973. They are bingo cards as defined by § 995.2.

■ As stated in *Independent School District No. 1 of Tulsa County v. Board of County Commissioners of Tulsa County*, 674 P.2d 547 (Okla.1983), it is a long standing rule of statutory construction where there are two provisions, one of which is special and clearly includes the matter in controversy, and prescribes different rules and procedures than those in a general statute, the special statute applies. It follows then that the specific penalties provided in § 995.15 govern rather than the general provisions of § 943.

Flamingo Bingo had been operating under an expired bingo license. The Oklahoma City Police Department, by virtue of a search warrant, seized Flamingo Bingo's equipment. In addition to the bingo cards, it confiscated a big-screen television, a television monitor, speakers, chalk board, video camera, microphone and stand, and money and checks and record of Flamingo Bingo. No gambling or felony charges were filed although several workers were arrested and charged with a misdemeanor violation of operating bingo without a license.

The State filed a Notice of Seizure and Application for Forfeiture. They alleged bingo cards are punch boards and unlicensed bingo games constitute gambling. That Application requested the court order the items seized to be forfeited.

Appellee filed a Motion to Dismiss. Both parties stipulated the game being played was indeed bingo. The court entered a finding that bingo cards are not punch boards as defined by § 966 and granted Appellees' Motion to Dismiss. The State appeals.

Thus, by virtue of the views expressed herein, the trial court is AFFIRMED.

HUNTER and BAILEY, JJ., concur.