Dear Representatives, Gray
¶ 0 Attorney General Loving has received your letter requesting an Attorney General opinion addressing, in effect, the following question:
May interest earned on dedicated county sales taxes and thecounty highway fund be deposited into the county general fundpursuant to 62 O.S. 348.1 (1993) and Article X, Section 19 ofthe Oklahoma Constitution?
¶ 1 Article X, Section 19 of the Oklahoma Constitution mandates that taxes levied for one purpose may only be used for that purpose:
 Every act enacted by the Legislature, and every ordinance and resolution passed by any county, city, town, or municipal board or local legislative body, levying a tax shall specify distinctly the purpose for which said tax is levied, and no tax levied and collected for one purpose shall ever be devoted to another purpose.
¶ 2 In essence you ask if Article X, Section 19 mandates that income earned on deposits of dedicated taxes may only be placed in the fund to which the tax was dedicated. Your inquiry references 62 O.S. 348.1 (1993). Section 62 O.S. 348.1
provides investment options to county treasurers and allows investment income to be placed in the general fund, sinking fund, building fund, or the fund from which the investment was made. Section 348.1 provides in pertinent part:
 Except as otherwise provided for by law, a county treasurer, when authorized by the board of county commissioners by a written investment policy, ordinance or resolution or the treasurer of any city, town, or school district, when authorized by the appropriate governing body by a written investment policy, ordinance or resolution, shall invest monies in the custody of the treasurer in:
* * * *
 5. county, municipal or school district direct debt obligation for which an ad valorem tax may be levied or bond and revenue anticipation notes, money judgments against such county, municipality or school district ordered by a court of record or bonds or bond and revenue anticipation notes issued by a public trust for which such county, municipality or school district is a beneficiary thereof. All collateral pledged to secure public funds shall be valued at no more than market value. The income received from that investment may be placed in the general fund of the governmental subdivision to be used for general governmental operations, the sinking fund. the building fund. or the fund from which the investment was made. (Emphasis added.)
¶ 3 The Oklahoma Sales Tax Code, 68 O.S. 1350, et seq., grants counties the authority to levy a sales tax. Sales tax may be levied for, among other things, general operations, constructing and equipping jails, capital improvements, county roads, or any other purpose necessary to promote safety, security and the general well-being of the people. 68 O.S. 1370/68O.S. 1370.1 and 68 O.S. 1370.2 (1993). Section 68 O.S.1370(c) provides in pertinent part:
 The proceeds of any sales tax levied by a county shall be deposited in the general revenue fund of the county and shall be used only for the purpose for which such sales tax was designated.
¶ 4 The county highway fund is created to be the depository fund for monies apportioned to construct and maintain county roads and bridges. 69 O.S. 1503(a) (1991). One source of money for the county highway fund is the apportionment pursuant to 68O.S. 602.1(a) (1991) which provides in pertinent part:
 (1)(c) No part of such fund shall be used for any purpose other than the construction and maintenance of county or township highways and permanent bridges in the county receiving the fund.
¶ 5 The Supreme Court dealt with interest on county depositsin Independent School Distinct No. 1 of Tulsa County v. Board ofCounty Commissioners of Tulsa County, 674 P.2d 547 (Okla. 1983). The Court ruled that interest is an accretion or increment to the principal fund earning it and that interest earned on deposits of school district funds could not be deposited into the county general fund. This finding was based on a specific school funds statute, 70 O.S. 691 (1991), and on Article X, Section 19. The Court observed at page 550:
 Further, the rule of law that interest is an accretion or increment to the principal fund earning it absent legislation, indicates this result — for Okla. Const. Article X, Section 19 provides that no tax levied and collected for one purpose shall ever be devoted to another purpose.
¶ 6 Inseparability of interest from principal was found to be applicable to municipal sales taxes in the City of Oklahoma Cityv. Oklahoma Tax Commission, 789 P.2d 1287 (Okla. 1990). In theOklahoma City case, the Tax Commission, pursuant to contract with the City, collected sales tax for the City and deposited the collections in the Tax Commission's revolving fund. Once deposited, these collections were commingled with other tax collections. Interest earned on investment of these monies was deposited into the State General Revenue Fund as required by 62O.S. 203 (1981). After deduction of the contractual retention fee, the Tax Commission disbursed the principal amount collected for the City. However, the Commission did not remit interest on the amount collected.
¶ 7 The City filed a declaratory judgment action seeking to establish its right to the interest earned on the investment. The Tax Commission argued that interest earned by investment of municipal sales taxes could be spent for purposes other than those for which the taxes were levied. The City asserted that because the interest was an accretion to the principal, the interest must be used for the same purpose as the tax. The Supreme Court held:
 Because Article X, Section 19 prohibits the diversion of . . . taxes, the interest earned on municipal sales tax revenues is properly attributable to the municipality levying the tax."
Oklahoma City at 1292.
¶ 8 The Supreme Court disagreed with the Tax Commission's assertion that Application of State of Oklahoma Building BondsCommission, 214 P.2d 934 (Okla. 1950), supported the Commission's position that Article X, Section 19 is applicableonly to the tax revenues, and not to the interest income earned thereon. The Court observed that the issue presented in theOklahoma City case — whether interest earned on a tax levy is an accretion or increment of the investment which must be expended for the same purpose as the levied tax — was not involved in the Building Bonds case.
¶ 9 In the Oklahoma City case, the Supreme Court citedIndependent School District No. 1. supra, for the proposition that interest earned from taxes earmarked for a specific purpose must follow the principal. The Court rejected the Tax Commission's argument that Independent School District was distinguishable because of the presence of a statute mandating that interest follow principal:
 In Independent School Dist., we held that under 70 O.S. 691 (1981) interest earned on the investment of school funds must be deposited to a school district account. The Tax Commission attempts to distinguish Independent School Dist. on the basis that a specific statute dictated that the interest follow the principal invested. We would be inclined to agree had the Court not also rested its decision on a broader and more fundamental basis, the Oklahoma Constitution. In Independent School Dist., we noted the rule of law that, absent a special statutory provision, interest is an accretion or increment to the principal fund earning it. Recognition of the rule was premised on the mandate of art. 10, 19 that taxes levied and collected for one purpose may not be devoted to another purpose.
Oklahoma City at 1291-92.
¶ 10 The Tax Commission also argued that Independent SchoolDistrict was not applicable because the interest was not an accretion to principal if legislation provides for separation of the interest from the principal. The Commission contended that62 O.S. 203 (1981) required that interest earned on average daily bank balances be deposited to the general revenue fund. However, the Supreme Court observed that if 203 were to be interpreted to require that a tax levied for municipal purposes be diverted to State coffers, it would contravene Article X, Section 19. The Court determined that 203 was not intended to be applicable to taxes levied for a specific purpose. Likewise, the income allocation provisions of 62 O.S. 348.1 (1993) cannot be intended to be applicable to income earned on investment of taxes levied for specific purposes. In fact, 62 O.S. 348.1 recognizes this wherein it provides that it is applicable except as otherwise provided for by law. Therefore, any interest earned on dedicated taxes must follow the principal and the alternatives listed in 62 O.S. 348.1 would be inapplicable because accounting for the interest had been provided for by the Constitution.
¶ 11 Although related only to county bridge bonds, Attorney General Opinion No. 83-284 concludes that income from the investment of county funds may, when authorized by the Board of County Commissioners, be allocated to any of the funds listed in 348.1. To the extent that the 1983 opinion is inconsistent with this opinion, it is withdrawn.
¶ 12 It is therefore the official opinion of the AttorneyGeneral that Article X, Section 19 of the Oklahoma Constitutionmandates that income earned on investment of dedicated taxes mustbe deposited with the principal and the income allocationalternatives listed in 62 O.S. 348.1 are in inapplicable toincome earned on investment of dedicated taxes.
To the extent A.G. Opinion No. 83-284 is inconsistent with thisopinion the same is hereby withdrawn.
SUSAN BRIMER LOVING ATTORNEY GENERAL OF OKLAHOMA
DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL