The Honorable Ray Don Jackson District Attorney, District 26 300 South Grand Cherokee, Oklahoma 73728
Dear District Attorney Jackson:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. How is the interest on omitted property provided for under 68 O.S. Supp. 2006, § 2844[68-2844], allocated when collected?
 2. Under what circumstances can the county treasurer change the ad valorem tax roll with respect to omitted property?
 OMITTED PROPERTY
Assessment of property for ad valorem taxes is found in ArticleX, Section 8 of the Oklahoma Constitution. Under Section 8(A) of Article X three types of property are subject to taxes:
 1. Tangible personal property . . .
 2. Real property . . .; and
 3. All other property which is assessed by the State Board of Equalization.[1] . . .
Id. (footnote added). The county assessor is responsible for valuing and assessing the tangible personal property and real property in a county.[2] Statutory authority for classification of property is found at 68 O.S. 2001, § 2803[68-2803](A) and further defined at 68 O.S. 2001 Supp. 2006, §§ 2806(A) (real property), 2807 (personal property), and 2808 (property assessed by State Board of Equalization). This office has previously opined on the procedure to protest an assessment of omitted property.[3]
Your question deals with the allocation of interest under the "omitted property" statute. Title 68 O.S. Supp. 2006, § 2844[68-2844](A) deals with omitted property. In pertinent part it provides:
 If any real, personal, railroad, air carrier or public service corporation property is omitted in the assessment of any prior year or years, and the property thereby escapes just and proper taxation, at any time and as soon as such omission is discovered, the county assessor or the county board of equalization, or the State Board of Equalization in the case of public service corporation property or railroad and air carrier property, whose duty it is to assess the class of property which has been omitted, shall at any time cause such property to be entered on the assessment rolls and tax rolls for the year or years omitted, not to exceed the last fifteen (15) years as to real property and the last three (3) years as to personal property, and shall, after reasonable notice to the parties affected, in order that they be heard, assess such omitted property for said periods and cause to be extended against the same on the tax rolls for the current year all arrearage of taxes properly accruing against it, including therein interest thereon at the rate of twelve percent (12%) per annum from the time such tax should have become delinquent.
Id. (emphasis added).
Under the plain reading of this provision, when property subject to ad valorem taxation is omitted from assessment in a prior year or years (15 years back for real property; 3 years back for personal property), upon discovery, it is "cause[d] . . . to be entered on the assessment rolls and tax rolls for the year or years omitted." Id. The county assessor is responsible for preparation of assessment rolls[4] and tax rolls,[5]
and thus would make the necessary adjustments. The taxpayer would then be given notice and an opportunity for protest.[6]
After the protest period has expired the property is assessed for the prior year or years and the unpaid taxes are extended to the current year tax roll, "including therein interest thereon atthe rate of twelve percent (12%) per annum from the time such taxshould have become delinquent." 68 O.S. Supp. 2006, § 2844[68-2844](A) (emphasis added). You ask into what account or accounts this interest is to be allocated.
This office previously described the method of preparing a tax roll.[7] The county treasurer transfers to the tax roll "all delinquent taxes remaining unpaid for the previous years." 68 O.S. 2001, § 2868[68-2868](E). When omitted property is assessed for a prior year or years and the unpaid tax for those year or years is extended to the tax roll for the current year, it becomes a delinquent ad valorem tax because it was not timely paid:
 A. All taxes levied upon an ad valorem basis for each fiscal year shall become due and payable on the first day of November. Except for mortgage servicers, the exclusive method for payment shall be as follows:
 1. Unless one-half (1/2) of the taxes so levied has been paid before the first day of January, the entire tax levy for such fiscal year shall become delinquent on that date.
 2. If the first half of the taxes levied upon an ad valorem basis for any such fiscal year has been paid before the first day of January, the second half shall be paid before the first day of April thereafter and if not paid shall become delinquent
on that date.
68 O.S. Supp. 2006, § 2913[68-2913] (emphasis added). The general rule for interest on delinquent taxes is found at Section 2913(D) and provides:
 D. All delinquent taxes shall bear interest at the rate of one and one-half percent (1 1/2%) per month or major fraction thereof until paid. In no event shall such interest exceed a sum equal to the unpaid principal amount of tax, and when such interest has accumulated to a sum equivalent to one hundred percent (100%) of the unpaid tax the further accumulation of interest shall cease.
Id.
While this section says delinquent taxes bear interest at the rate of one and one-half percent per month, the omitted property statute has a specific interest rate of twelve percent per annum for delinquent payments, with no limit on the total amount of interest that may accrue. 68 O.S. Supp. 2006, § 2844[68-2844](A). It is a long-standing rule of statutory construction that "where there are two statutory provisions, one of which is special and clearly includes the matter in controversy, and prescribes different rules and procedures from those in a general statute, the special statute and not the general statute applies." Southwestern BellTel. Co. v. Okla. County Excise Bd., 618 P.2d 915, 919 (Okla. 1980). It must be presumed that the Legislature had a reason for differentiating between omitted property tax and other delinquent taxes. Further, the Legislature is presumed to have been aware of the provisions of both statutes relating to interest on unpaid taxes. "[L]egislative silence, when it has authority to speak, may be considered as giving rise to an implication of legislative intent." City of Duncan v. Bingham, 394 P.2d 456, 460 (Okla. 1964). The twelve percent annual interest rate on omitted property for delinquent payments in 68 O.S. Supp. 2006, § 2844[68-2844](A) overrides the one and one-half percent per month general provision of 68 O.S. Supp. 2006, § 2913[68-2913](D).[8]
Regarding where such interest is to be allocated when collected, the general rule of law is that "interest is an accretion or increment to the principal fund earning it absent legislation."Indep. Sch. Dist. No. 1 v. Bd. of County Comm'rs, 674 P.2d 547,550 (Okla. 1983) (footnote omitted) (emphasis added). In this case, there is a specific statutory provision directing "[a]ll
penalties, interest and forfeitures which may accrue on delinquent ad valorem taxes . . . when collected shall be credited to and accounted for in a special cash fund to be styled the `resale property fund' of such county." 68 O.S. Supp. 2006, § 3137[68-3137](A) (emphasis added). We conclude that the interest provided for in Section 2844(A), when collected, is to be allocated to the resale property fund pursuant to Section 3137(A).
 CHANGE TO TAX ROLL
You next ask under what circumstances a tax roll may be changed with respect to omitted property. After the county assessor delivers the tax roll to the county treasurer,[9] "no correction or alteration as to any item contained therein as of such date of delivery shall ever be made, except by the county treasurer and on authority of a proper certificate authorized by law or pursuant to order or decree of court in determination of a tax protest or other proper case." 68 O.S. 2001, § 2871[68-2871](A). Every county has a Board of Tax Roll Corrections, consisting of the chair of the Board of County Commissioners, the chair of the County Equalization Board, the county assessor, and the county clerk as a non-voting member and secretary. Id. § 2871(B). There are seventeen different statutory corrections available to the Board of Tax Roll Corrections during a hearing. Id. § 2871(C). Both the county assessor and the taxpayer have the right to appeal the decision of the Board of Tax Roll Corrections to district court. Id. § 2871(H). What constitutes a proper correction or alteration of a tax roll is a question of fact and cannot be answered by an Attorney General Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
It is, therefore, the official Opinion of the Attorney Generalthat:
 1. Interest provided for in 68 O.S. Supp. 2006, § 2844[68-2844](A), when collected, is allocated to the resale property fund for the county where the property is located. Id. § 3137(A).
 2. Only the county treasurer can correct or alter a tax roll delivered by the county assessor. Any correction or alteration can only be made on authority of a proper certificate authorized by law, or pursuant to an order or decree of court in determination of a tax protest or other proper case. 68 O.S. 2001, § 2871[68-2871](A). What constitutes a proper correction or alteration of a tax roll is a question of fact and cannot be answered by an Attorney General Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
 W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
 DAVID L. KINNEY ASSISTANT ATTORNEY GENERAL
 I-63
[1] The Constitutional authority for the State Board of Equalization is found at Article X, Section 21(A) of the Oklahoma Constitution. It assesses all railroad and public service corporation property.
[2] See 68 O.S. 2001, § 2819[68-2819].
[3] See A.G. Opin. 00-23, at 104.
[4] 68 O.S. Supp. 2006, § 2842[68-2842](A).
[5] 68 O.S. 2001, § 2868[68-2868](A).
[6] Protests for real and personal property are heard by the County Board of Equalization pursuant to 68 O.S. 2001, § 2863[68-2863](A); protests for property assessed by the State Board of Equalization are heard by the Court of Tax Review pursuant to 68 O.S. 2001, § 2881[68-2881](A).
[7] See A.G. Opin. 05-30, at 167-68.
[8] Another specific statutory exception to the general provision is found at 68 O.S. 2001, § 2846[68-2846]. That section deals with undervalued and under-assessed property, which bears an interest rate of 6% per annum on the delinquent tax.
[9] See 68 O.S. 2001, § 2869[68-2869](D)-(F).