**William Hughey ROLLOW, Lucy Thompson Rollow and William Hughey Rollow, Executor of the Estate of Vernon Eugene Rollow, Deceased, Petitioners,**

**v.**

**Lee R. WEST, Judge of the District Court of Pontotoc County Oklahoma;**

**and**

**Southern Oklahoma Development Association ex rel. Southern Oklahoma Development Trust, Respondents.**

**No. 44560.**

Supreme Court of Oklahoma.

Jan. 12, 1971.

Conn, Mayhue & Kerr, by George B. Thompson, Ada, for petitioners.

Leslie B. Younger and Deaton & Gassaway, by Austin R. Deaton, Jr., Ada, for respondents.

McINERNEY, Justice.

The Southern Oklahoma Development Association (SODA) is a voluntary association of seven counties, and some cities and towns within the counties, organized pursuant to the Interlocal Cooperation Act, 74 O.S.Supp.1970, §§ 1001–1008 (S.L. 1965). It seeks to exercise the power of eminent domain to condemn three buildings in downtown Ada for a parking lot on behalf of the Southern Oklahoma Development Trust, a public trust created pursuant to 60 O.S.1961, § 176 et seq. The landowners lodge this action to prohibit the condemnation for the asserted reason that SODA has no power of eminent domain.

█ Our inquiry need extend no further than to determine whether SODA is granted the power of eminent domain under the Interlocal Cooperation Act. We hold that a separate legal or administrative entity, created by agreement of the signatory local governmental units or public agencies, is not vested with the power of eminent domain by the Interlocal Cooperation Act.

█ The Act by its terms contemplates cooperation or joint exercise between the various governmental entities of activities permitted of the individual entities. The Act does not create *new* powers to be exercised *independently* by the legal or administrative agency. 74 O.S.Supp.1970, § 1004. We find no clear legislative authority in the Interlocal Cooperation Act to justify the taking of property in derogation of the rights of citizens.

█ It follows that the power of eminent domain is not granted to SODA by the Act. The mere statutory authorization for voluntary associations of public agencies created by written agreement is not a *specific* enactment by the Legislature designating the occasions, the modes, and the agencies by and through which the fundamental power to exercise the right of eminent domain may be placed in operation. Harn v. State, 184 Okl. 306, 87 P.2d 127 (1939).

Our conclusion is limited solely to the condemnation question presented and does not affect the validity of the bond issue approved in Application of Southern Oklahoma Development Trust, Okl., 470 P.2d 572 (1970).

The writ is granted.

All the Justices concur.