CENTRAL PURCHASING ACT — SUB-STATE PLANNING REGIONS Since the Legislature did not list them in the entities authorized by 74 O.S. 85.12 [74-85.12] (1971) to avail themselves of the Central Purchasing Act, Sub-State Planning regions, duly organized and recognized pursuant to 75 O.S. 1001 [75-1001] — 75 O.S. 1008 [75-1008] (1971) may not utilize the Oklahoma Central Purchasing Act to purchase goods, supplies and essential equipment to operate the separate legal entities so created. This is to acknowledge receipt of your letter wherein you asked for a formal opinion on the following questions: "(1) Can Sub-State Planning Regions, duly organized pursuant to 74 O.S. 1001 [74-1001] — 74 O.S. 1008 [74-1008] (1965) utilize the 'Oklahoma Central Purchasing Act' to purchase goods, supplies and essential equipment to operate the separate legal entities so created? "(2) If your answer to No. 1, above is in the affirmative, then: "Can Sub-State Planning Districts utilize the Central Purchasing Act for themselves as well as their signatory members, under existing powers of Sub-State Planning Districts or would a specific delegation of power be necessary to effectuate the exercise of said powers? "(3) What limitations would Sub-State Planning Districts be subject to, under the Central Purchasing Act, if your answer to No. 1 is in the affirmative?" The Sub-State Planning regions mentioned in your letter are authorized under the Interlocal Cooperation Act, 74 O.S. 1001 [74-1001] — 74 O.S. 1008 [74-1008]. Section 74 O.S. 1001 [74-1001] sets out the purpose of the act, and states: "It is the purpose of this act to permit local governmental units to make the most efficient use of their powers by enabling them to cooperate with other localities on a basis of mutual advantage and thereby to provide services and facilities in a manner and pursuant to forms of governmental organization that will accord best with geographic, economic, population and other factors influencing the needs and development of local communities." Section 74 O.S. 1003 [74-1003] defines "public agency" and states in part: " (a) For the purposes of this act, the term 'public agency' shall mean any political subdivision of this state; . . . Sections 1004 and 1008 are the sections that give the entities created under the authority of the Interlocal Cooperation Act their powers and authority. Section 1004, states in part: "(a) Any power or powers, privileges or authority exercised or capable of exercise by a public agency of this state may be exercised and enjoyed jointly with any other public agency of this state, . . ." Section 74 O.S. 1008 [74-1008] states: "Any one or more public agencies may contract with any one or more other public agencies to perform any governmental service, activity, or undertaking which any of the public agencies entering into the contract is authorized by law to perform, provided that such contract shall be authorized by the governing body of each party to the contract. Such contract shall set forth fully the purposes, powers, rights, objectives and responsibilities of the contracting parties." In spite of the language of Sections 1004 and 1008 concerning the authority of the political subdivisions to act jointly, the powers granted to the entity or administrative body created by the members political subdivisions may not be as broad. For example, the political subdivisions are granted the power of eminent domain. However, an entity or body created by the political subdivisions is not given this power. See Rollow v. West, 479 P.2d 962 (Okl. 1971). Concerning authority of the political subdivisions to use the Central Purchasing Act, 74 O.S. 85.1 [74-85.1] — 74 O.S. 85.21 [74-85.21] (1971), section 74 O.S. 85.3 [74-85.3] states in part: ". . . The provisions of this act shall not apply to county government nor to institutions of higher learning. . . ." However, Section 74 O.S. 85.12 [74-85.12] states in part: "Notwithstanding the exclusions provided herein, any agency or common schools of Oklahoma, any municipality of the state of Oklahoma, and county officers may, if they so desire, avail themselves of the provisions of the Oklahoma Central Purchasing Contracts and the services of the Purchasing Director." It should be pointed out that the Interlocal Cooperation Act was enacted in 1965. Section 85.12 of the Central Purchasing Act was enacted in 1959 and amended in 1970, and thus, would prevail over 74 O.S. 1001-1008 [74-1001-1008] in the event of any conflict. In this regard, Section 74 O.S. 85.12 [74-85.12] specifically sets out what entities may avail themselves of the Central Purchasing Act, and it is apparent that entities created under the Interlocal Cooperation Act are not listed. The general rule of statutory construction is that the mention of one thing implies the exclusion of another thing. See Dorsett v. State, 144 Okl. 33,239 P. 298, 303. Since the Legislature amended 74 O.S. 85.12 [74-85.12] (1971) after passage of 74 O.S. 1001 [74-1001] — 74 O.S. 1008 [74-1008] (1971), it should be assumed that the Legislature intended to exclude entities created under the Interlocal Cooperation Act from being allowed to avail themselves of the Central Purchasing Act. It is, therefore, the opinion of the Attorney General that until such time that the Legislature includes Sub-State Planning regions in the list of entities that may avail themselves of the Central Purchasing Act your first question should be answered in the negative in that the Sub-State Planning regions, duly organized and recognized pursuant to 74 O.S. 1971, 1001-1008 [74-1001] — [74-1008] may not utilize the Oklahoma Central Purchasing Act to purchase goods, supplies and essential equipment to operate the separate legal entities so created. Since the first question is answered in the negative, it is not necessary to answer your second and third questions. (Todd Markum) (Substate, Cog)