Attorney General Loving has asked me to respond to your recent request for an opinion concerning the following questions:
 1) May a group, such as the Oklahoma Rural Water Association Assurance Group, acquire and hold title to real property in the name of the group?
 2) Does the Interlocal Cooperation Act require that a group of public agencies entering into an agreement pursuant to the Act, create a separate legal entity to hold title to real property for the group?
In that your questions can be answered by an analysis of a clearly controlling statute and applicable law, a formal opinion is not necessary. The discussion which follows is not an official opinion of the Attorney General. Rather, the following analysis and conclusions, while solely my own, have been reached after careful research of the questions you have raised.
Your first question asks whether the Interlocal Cooperation Act (the Act") requires that a group of public agencies, organized pursuant to the Act, create a separate legal entity to hold title to real property for the group, or may such a group acquire and hold title to real property in the name of the group. The cardinal rule of statutory construction is to interpret the statutory language in accordance with the plain and ordinary meaning and import of the language unless there is an ambiguity. Jackson v. Independent School Dist. No. 16 of Payne County,648 P.2d 26, 29 (Okla. 1982).
The Act at 74 O.S. 1004 (1991) provides in pertinent part as follows:
 "a. Any power or powers. privileges or authority exercised or capable of exercise by a public agency of this state may be exercised and enjoined jointly with any other public agency of this state, and jointly with any public agency of any other state or of the United States to the extent that such other state or of the United States permits such joint exercise or enjoinment. Any agency of the state government when acting jointly with any public agency may exercise or enjoy all of the powers, privileges and authority conferred by this Act upon a public agency."
(Emphasis added.)
In applying the principles of Jackson, cited above, it is clear from a plain reading of the statute that two or more agencies may enter into agreements to carry out joint exercises. However, the first sentence of the above-referenced section is equally dear that the agencies may only carry out the "powers, privileges or authority" hat are granted to them by their enabling legislation. In Rollow v. West, 479 P.2d 962, 963 (Okla. 1971), the Oklahoma Supreme Court stated:
 The Act by its terms contemplates cooperation or joint exercise between the various governmental entities of activities permitted of the individual entities. The Act does not create new powers to be exercised independently by the legal or administrative agency.
Pursuant to interlocal agreements, agencies can exercise only the powers that are statutorily conferred upon them. The Interlocal Cooperation Agreement Act does not create new powers to be exercised independently by an administrative agency. Rollow v. West, 479 P.2d 962, 963
(Okla. 1971). also, A.G. Opin. No. 83-295.
Therefore, the answer to your question must turn on whether members of the Oklahoma Rural Water Association Assurance Group have the authority to hold title to real property. According to your letter, the members of the Group are Rural Water Districts incorporated pursuant to the Rural Water, Sewer, Gas and Solid Waste Management Districts Act. That Act reads, in pertinent part, as follows:
 "A. Every district incorporated hereunder shall have perpetual existence, subject to dissolution as provided by Section 82 O.S. 1325.1 et seq of this title, and shall have power:
 3. To acquire by purchase, lease, gift, or in any other manner, and to maintain, use, and operate any and all property of any kind, real, personal, or mixed, or any interest therein(.)" 82 O.S. 1324.10.
Thus, the Oklahoma Rural Water Association Assurance Group does possess the authority to own personal as well as real property because that authority was granted to the individual rural water districts that make up the Group.
You then ask whether a group of public agencies entering into an agreement pursuant to the Act must create a separate legal entity to hold real property for the group. The Act not only authorizes joint or cooperative action among public agencies, as quoted above, but also authorizes agreements for joint undertakings and specifies certain items those agreements must contain. 74 O.S. 1004(b) and 74 O.S. 1004(c). Under these provisions, a separate legal entity may be created. 74 O.S. 1004(c)(2). However, such an entity is not mandated, as evidenced by the Act at 74 O.S. 1004(d), which reads in pertinent part:
 "In the event that the agreement does not establish a separate legal entity to conduct the joint cooperative undertaking, the agreement shall, in addition to Items 1, 3, 4, S and 6 enumerated in subdivision (c) hereof, contain the following:
 2. The manner of acquiring, holding and disposing of real and personal property used in the joint cooperative undertaking."
The Act anticipates agreements in which no separate entity is formed to conduct the joint or cooperative undertaking. The requirement to organize a separate legal entity is not mandatory but may be utilized if desired by the parties to this agreement. A group of agencies organized pursuant to the Act which does not create a separate legal entity must specify in its agreement how property is to be acquired, held and disposed of.
It is therefore the opinion of the undersigned attorney that:
 1. Pursuant to 82 O.S. 1324.10A(3), the Oklahoma Rural Water Association Group may acquire title to real property.
 2. The Interlocal Cooperation Act does not require that a group of public agencies organized pursuant to the Act create a separate legal entity to hold title to real property.
(Joseph L. McCormick IV)