Dear Representative, Bob Weaver,
¶ 0 This office has received your letter asking for an official Opinion addressing the following questions:
1. May a county hospital be leased to a private entity withoutvoter approval as set out in 19 O.S. 1991, § 789[19-789]?
 2. May a county-beneficiary trust, which is leasing a countyhospital from a county pursuant to 19 O.S. 1991, § 789[19-789] assign thelease or sub-let the premises to a private, for-profitenterprise?
 I.
¶ 1 Your first question concerns the leasing of a county hospital to a private entity. Counties obtain the authority to establish county hospitals under the provisions of 19 O.S. 1991, §§ 781-796[19-781-796]. These statutes provide, among other things, the manner of financing the construction or renovation of county hospitals, the method for competitively bidding the construction of the same, as well as who may manage and control the hospital and in what manner the county may transfer the operation and control of the hospital.
¶ 2 Section 789 of Title 19 places a duty on the county commissioners to place the management and control of the hospital under a board of control composed of five, seven or nine appointed members. In the alternative, this statute allows for leasing the facility by providing, in part:
 If the board of county commissioners determines it is for the best interest of the county, they may in lieu of operation of the hospital through a board of control lease the hospital and equipment therein to a charitable nonprofit organization, in such event the lessee shall be responsible for all costs of operation and maintenance; provided, no hospital or equipment therein shall be leased other than to a public trust of which the county is beneficiary unless the specific leasing be authorized by the voters of the county at a general election, or a special election. . . .
19 O.S. 1991, § 789[19-789] (emphasis added).
¶ 3 In Oklahoma it is well established that where the language of a statute is plain, unambiguous and its meaning clear, no rules of construction are needed and its evident meaning must be accepted. Jackson v. Independent School District No. 16,648 P.2d 26 (Okla. 1982).
¶ 4 Because of the above statutory language, it is clear that a board of county commissioners may select from only three entities to manage and control a county hospital — a board of control, a charitable nonprofit organization, or a county-beneficiary public trust. Likewise it is clear that from the three, two are qualified to be a lessee, i.e., a charitable nonprofit organization and a public trust where the county is the beneficiary. Only a lease with a county-beneficiary public trust is exempt from the requirement of a voter approval.
¶ 5 Therefore, a county hospital may not be leased to a private entity without voter approval and then only to a charitable nonprofit organization as set out in 19 O.S. 1991, § 789[19-789].
 II.
¶ 6 Your second question involves the ability of a county-beneficiary trust as lessee of a county hospital to assign the lease or sub-let the premises to a private, for-profit enterprise.
¶ 7 Title 19 O.S. 1991, § 789[19-789] specifically authorizes the lessee to mortgage its leasehold interest for the purpose of securing or refunding indebtedness incurred in connection with the hospital. There is no provision for assigning or sub-letting the leasehold estate acquired by these entities.[1] Had the Legislature intended to confer upon the lessee further rights with regard to the leasehold interest it could have done so by legislation.
¶ 8 Counties have no inherent power and can only exercise powers expressly granted to counties by statute, or which are necessarily or fairly implied to those express powers. Shipp v.Southeastern Oklahoma Industries Authority, 498 P.2d 1395 (Okla. 1972). Section 789, supra, severely restricts a county and its power to select an entity to manage and control its county hospital to the point of requiring voter approval. It would seem clear that the Legislature intended county hospitals be managed and controlled by only certain entities, none of which operate for a profit. A statute should be given a sensible construction, bearing in mind the evils intended to be avoided or the remedy afforded. AMF Tubescope Co. v. Hatchel, 547 P.2d 374 (Okla. 1976). The Legislature intended to avoid the use of a county hospital, financed by taxpayers, by a for-profit entity. Additionally, it is against public policy for an entity to perform an act indirectly which it cannot perform directly.Rollow v. West, 479 P.2d 962 (Okla. 1971).
¶ 9 Title 60 O.S.Supp. 1994, § 176.1[60-176.1](A)(3) allows public trusts to contract with private persons or entities for the furtherance of a public function. However, 60 O.S. 1991, §§ 176[60-176]et seq. is the general statutory authorization for all types of public trusts. By contrast, 19 O.S. 1991, §§ 781[19-781] et seq. is the specific statutory authorization for county hospitals. The Supreme Court has consistently held that:
 [I]t is a long-standing rule of construction in this jurisdiction that where there are two statutory provisions, one of which is special and clearly includes the matter in controversy, and prescribes different rules and procedures from those in a general statute, the special statute and not the general statute applies.
Southwestern Bell Telephone Co. v. Oklahoma County,618 P.2d 915, 919 (Okla. 1980). See also Independent School District No.1 v. Board of County Commissioners, 674 P.2d 547 (Okla. 1983) and City of Tulsa v. Smittle, 702 P.2d 367 (Okla. 1985).
¶ 10 Because 19 O.S. 1991, §§ 781[19-781] et seq. is a special statute dealing with the creation, management and operation of county hospitals and does not empower the county to lease or allow a tenant to assign or sublease the hospital to a private for-profit entity, its provisions must prevail over those of 60O.S. 1991, §§ 176[60-176], et seq.
¶ 11 A county may not allow the assigning or sub-letting of a county hospital by a county-beneficiary trust to a private, for-profit entity.
¶ 12 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. A county hospital may not be leased to a private entitywithout voter approval and then only to a charitable nonprofitorganization in accordance with the provisions of 19 O.S. 1991,§ 789[19-789].
 2. A county-beneficiary public trust which is leasing a countyhospital pursuant to 19 O.S. 1991, § 789[19-789] may not assign thelease or sub-let the premises to a private, for-profitenterprise.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
ROSS N. JOHNSON ASSISTANT ATTORNEY GENERAL
[1] This opinion does not address the validity of a voter approved lease with a charitable nonprofit organization or a county-beneficiary public trust which contains provisions to assign or sub-let to another charitable nonprofit organization or a county-beneficiary public trust.