Dear Senator Gumm:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Does an Oklahoma public school's interlocal agreement with a Texas purchasing cooperative, which follows Texas competitive bidding procedures, satisfy the requirement of the Public Competitive Bidding Act of 1974, 61 O.S. 2001 Supp. 2008, §§ 101 — 138, to competitively bid a public construction project valued at more than fifty thousand dollars ($50,000.00)?
You ask whether an Oklahoma public school's interlocal agreement with a Texas purchasing cooperative, which follows Texas competitive bidding procedures, satisfies the requirement of the Public Competitive Bidding Act of 1974, 61 O.S. 2001 Supp. 2008, §§ 101 — 138, ("Competitive Bidding Act") to competitively bid a public construction project valued at more than fifty thousand dollars ($50,000.00). Your question arises from a situation where an Oklahoma school enters into an agreement pursuant to the Oklahoma Interlocal Cooperation Act, 74 O.S. 2001, §§ 1001[74-1001] — 1008, with a Texas purchasing cooperative whereby the purchasing cooperative agrees to provide cooperative purchasing services. The purpose of a purchasing cooperative is to allow political subdivisions, such as schools, to combine purchasing power to achieve cost savings. You indicate in your letter that schools are able to purchase goods and services from vendors that have been pre-selected through the purchasing cooperative.[1] The purchasing cooperative handles the bidding process and the school, as a member of the cooperative, is able to take advantage of cost savings through vendors who have been selected to provide the best value. See n. 1. *Page 2 
We assume for purposes of this Opinion the parties have the authority to enter into an interlocal agreement for cooperative purchasing, and that the interlocal agreement is in compliance with Oklahoma law. We also assume the cooperative purchasing contract is a public construction contract as defined by the Competitive Bidding Act.[2]
The Competitive Bidding Act defines a "public construction contract" as:
 [A]ny contract, exceeding Fifty Thousand Dollars ($50,000.00) in amount, awarded by any public agency for the purpose of making any public improvements or constructing any public building or making repairs to or performing maintenance on the same except where the improvements, construction of any building or repairs to the same are improvements or buildings leased to a person or other legal entity exclusively for private and not for public use and no public tax revenues shall be expended on or for the contract unless the public tax revenues used for the project are authorized by a majority of the voters of the applicable public agency voting at an election held for that purpose and the public tax revenues do not exceed twenty-five percent (25%) of the total project cost.
61 O.S.Supp. 2008, § 102[61-102](6).
The Competitive Bidding Act requires competitive bidding for public construction contracts and contains specific procedures for awarding these public contracts through the competitive bidding process. Subsection 103(A) provides:
 A. Unless otherwise provided by law, all public construction contracts exceeding Fifty Thousand Dollars ($50,000.00) shall be let and awarded to the lowest *Page 3 
responsible bidder, by open competitive bidding after solicitation for sealed bids, in accordance with the provisions of the Public Competitive Bidding Act of 1974. No work shall be commenced until a written contract is executed and all required bonds and insurance have been provided by the contractor to the awarding public agency.
61 O.S.Supp. 2008, § 103[61-103]. This statute requires compliance with the provisions of the Competitive Bidding Act "[u]nless otherwise provided by law." Id. There are no provisions in Oklahoma law exempting cooperative purchasing agreements from the Competitive Bidding Act.
Further, an interlocal agreement does not exempt a school from compliance with the Competitive Bidding Act. The Interlocal Cooperation Act provides that "[a]ny power or powers, privileges or authority exercised or capable of exercise by a public agency of this state may be exercised and enjoyed jointly with any other public agency of this state, and jointly with any public agency of any other state or of the Unites States to the extent that laws of such other state or of the United States permit such joint exercise or enjoyment." 74 O.S. 2001, § 1004[74-1004](A). This provision does not create new powers beyond those possessed by the individual entities. Rollow v. West, 479 P.2d 962, 963
(Okla. 1971). The Interlocal Cooperation Act contains a provision at Section1004(E) providing:
 No agreement made pursuant to this act shall relieve any public agency of any obligation or responsibility imposed upon it by law except that, to the extent of actual and timely performance thereof by a joint board or other legal or administrative entity created by an agreement made hereunder, the performance may be offered in satisfaction of the obligation or responsibility.
Id. Therefore, all public construction contracts must be let and awarded in accordance with the Competitive Bidding Act.
The Competitive Bidding Act establishes a process by which all proposals to award public construction contracts "shall be made equally and uniformly known by the awarding public agency to all prospective bidders." 61 O.S.Supp. 2008, § 104[61-104]. This process requires notice be given "by publication in a newspaper of general circulation andpublished in the county where the work, or the major part of it, is tobe done." Id. § 104(1) (emphasis added). The notice is to be "published in two consecutive weekly issues of said newspaper, with the first publication thereof to be at least twenty (20) days prior to the date set for opening bids[.]" Id. The provision also requires notice to be "sent to trade or construction publications for their use and information [if] the estimated cost of the contract exceeds Fifty Thousand Dollars ($50,000.00)[.]" Id. § 104(2). "All bids shall be sealed and opened only at the time and place mentioned in the bidding documents, and read aloud in the presence of an administrative officer of the awarding public agency." Id. § 110. These bid openings are "open to the public and to all bidders." Id.
The Competitive Bidding Act also contains a number of other provisions governing the competitive bidding process. For example, there are provisions regarding the content of bid notices, see id. § 105; *Page 4 
requirements for a check, bond or irrevocable letter of credit, seeid. § 107(1), (2); procedures for the opening of the bids, id. § 110; prohibitions against conflicts of interest and restraint of freedom of competition, see id. §§ 114,115; provisions allowing for pre-qualification of bidders, see id. § 118, and a section providing that the provisions with reference to notice and bids shall not apply to emergencies under certain circumstances. See id. § 130(A).
We refer to these provisions of the Competitive Bidding Act to demonstrate the unlikelihood that compliance with competitive bidding procedures of another state would satisfy all requirements of Oklahoma's competitive bidding law. The most obvious of these requirements are the provisions of Oklahoma law that require notice to potential bidders in the county where the work is to be done.
While we have not attempted to research all aspects of Texas competitive bidding laws, we note you indicate in your request that the Texas purchasing cooperative, an entity known as TIPS, sponsored by the Region VIII Education Service Center in Mt. Pleasant, Texas, has pre-selected its vendors.[3] Under the agreement with the Texas purchasing cooperative, Oklahoma schools would contract with these pre-selected vendors for making improvements or constructing any public building or making repairs to or performing maintenance on such buildings. Although these vendors may have been selected through the Texas competitive bidding process, the pre-selecting of the vendors necessarily prevents advance notice from being published in the county in Oklahoma where the work, or a major part of it, is to be done as required by the Competitive Bidding Act, 61 O.S. 2001, § 104[61-104](1). Pre-selecting the vendors would also prohibit the required notice being published at least twenty (20) days prior to the date set for opening bids as required by the Competitive Bidding Act. Id. § 104(2). Without the required notice, prospective bidders in Oklahoma would not be informed of their opportunity to bid on the public construction contracts. Thus, compliance with Texas bidding procedures or similar procedures of any other state would not be in compliance with the Competitive Bidding Act. Compliance with other required procedures such as opening of bids, content of bid notices, the requirement for a check, bond or irrevocable letter of credit and prohibitions against a conflict of interest may also be lacking in other states' laws.
The Attorney General of Arkansas considered an agreement between an Arkansas education co-op and the same Texas Interlocal Purchasing System Program at issue in your question, and came to a similar conclusion.See Ark. Op. Att'y Gen. No. 2006-042 (West, Westlaw). Although the primary purpose of the Arkansas Attorney General Opinion was to approve the interlocal cooperative agreement, the Attorney General also discussed the Arkansas competitive bidding act. See id. at 5. The Arkansas Attorney General found Arkansas law, ARK. CODE ANN. § 19-11-249, gave explicit authority for cooperative purchasing agreements, but found that such agreements must comply with Arkansas *Page 5 
purchasing law. Ark. Op. Att'y Gen. No. 2006-042, at *5. The interlocal agreement was approved "on the assumption that the parties are in compliance with the applicable provisions of Arkansas law." Id. at *6.
Arkansas law contains specific exceptions at ARK. CODE ANN. §§ 19-11-250(1) and 19-11-251(1) that "source selection and contract formation" requirements of Arkansas law are not applicable to certain contracts. The Attorney General noted these "source selection and contract formation" requirements include competitive bidding, competitive sealed bidding and competitive sealed proposals. Ark. Op. Att'y Gen. No. 2006-042, at *5. The Arkansas Attorney General found the obvious implication that these requirements were inapplicable to certain specific instances was that they are otherwise applicable to cooperative purchasing. Id.; see also Ark. Op. Att'y Gen. No. 2005-296, at *2 (noting that the proposed interlocal agreement was approved on the assumption that the parties agree to comply with the Arkansas purchasing law).
We conclude a public construction contract with a Texas purchasing cooperative must comply with the specific terms of the Public Competitive Bidding Act of 1974. Any contract with a purchasing cooperative from another state that does not require compliance with the specific terms of the Public Competitive Bidding Act of 1974 does not comply with Oklahoma law.
It is, therefore, the official Opinion of the Attorney Generalthat:
 1. The Public Competitive Bidding Act of 1974, 61 O.S. 2001 Supp. 2008, §§ 101 — 138, requires free and open competitive bidding after solicitation for sealed bids of public construction contracts, which are defined as "any contract, exceeding Fifty Thousand Dollars ($50,000.00) in amount, awarded by any public agency for the purpose of making any public improvements or constructing any public building or making repairs to or performing maintenance on the same." 61 O.S. Supp. 2008, § 102[61-102](6).
 2. The Public Competitive Bidding Act of 1974 establishes a process by which all proposals to award public construction contracts "shall be made equally and uniformly known by the awarding public agency to all prospective bidders." Id. § 104. This process requires a number of specific procedures, including providing notice to all prospective bidders "by publication in a newspaper of general circulation and published in the county where the work, or the major part of it, is to be done." Id. § 104(1).
 3. A public construction contract entered into between an Oklahoma public school and a Texas purchasing cooperative that does not comply with the specific terms of the Public Competitive Bidding Act of 1974 does not satisfy Oklahoma law, even if it follows the Texas competitive bidding *Page 6 procedures. This same conclusion applies to a public construction contract with any other state.
 4. The existence of an interlocal agreement between the school and the purchasing cooperative pursuant to the Oklahoma Interlocal Cooperation Act, 74 O.S. 2001, §§ 1001[74-1001] — 1008, does not exempt a school from compliance with the Public Competitive Bidding Act of 1974, as interlocal agreements do not relieve a public agency of any obligation or responsibility imposed upon it by law. Id. § 1004(E).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
SANDRA D. RINEHART SENIOR ASSISTANT ATTORNEY GENERAL
[1] Letter from Senator Jay Paul Gumm to W.A. Drew Edmondson, Attorney General of Oklahoma p. 1 (Oct. 6, 2008) (on file with author).
[2] The conclusion reached in this Opinion applies only to public construction contracts that are necessarily over $50,000.00 and which are required to be competitively bid pursuant to the Competitive Bidding Act. The Competitive Bidding Act does not apply to contracts that involve professional judgment or scientific knowledge, as the Legislature does not require the lowest price to be the determining factor for these services. Contracts for "personal services, such as services of architects, engineers, and surveyors, [are] not subject to competitive bidding statutes because the services are not subject to uniform specifications." McMaster Constr., Inc. v. Bd. of Regents,934 P.2d 335, 338 (Okla. 1997). We offer no opinion as to the validity of contracts for cooperative purchasing which are not for public construction, as that term is defined in the Competitive Bidding Act.
[3] See n. 1. General information regarding the Texas Interlocal Purchasing System (TIPS) may be found at http://www.tips-usa.com. That website includes an Interlocal Participation Agreement to be completed by Oklahoma participants to participate in TIPS. TIPS, THE INTERLOCAL PURCHASING SYSTEM, INTERLOCAL PARTICIPATION AGREEMENT OKLAHOMA REGION 8 EDUCATION SERVICE CENTER, MT. PLEASANT, TX 75456, http://www.tips usa.com/documents/docs/TIPS_OKLAHOMA_INTERLOCAL_SCHOOL.pdf. The Organization of Rural Oklahoma Schools has posted a link to TIPS-USA on its website at http://www.orosok.org. *Page 1