Roger MEARS, Judge, et al *v.*
LITTLE ROCK SCHOOL DISTRICT
et al

79-298                                              593 S.W. 2d 42

Opinion delivered February 4, 1980

*Wilbur C. Bentley,* Pros. Atty., by: *Larry D. Vaught* and *Hugh L. Brown,* Deputy Pros. Attys., for appellants.

*Friday, Eldredge & Clark,* by: *Robert V. Light,* for appellees.

*Cearley, Gitchell, Bogard, Mitchell & Bryant,* for amicus curiae, Arkansas Education Association.

DARRELL HICKMAN, Justice. The Pulaski County Quorum Court passed an ordinance in April, 1977, authorizing the county collector to deposit into the County General Fund all interest earned on tax monies held by the county collector prior to transfer of these funds to the county treasurer. In effect, the ordinance provided that the county could use the tax money to earn money for the county—the interest earned not being passed on to the school districts.

The appellees, Little Rock School District and North Little Rock School District, as well as other legal entities, not parties to this appeal, filed a law suit to enjoin this practice and to have the ordinance declared illegal. The appellants, Roger Mears, the county judge, and other county officials responded and counterclaimed defending the legality of the

ordinance. In addition, they asked that the school districts pay a pro rata share of certain expenses incurred for the collection of the taxes. In the case of the county assessor a claim was made for $37,700 for "rentals and other contracts" and $38,000 was claimed for ten vehicles used by the assessor's office. Over $24,000 was claimed on behalf of the collector for "rentals and other contracts" and over $9,000 on behalf of the treasurer for the same expense. The proof showed that the appellants' claim for these rentals was largely based on what the rental value would be of the space occupied in the Pulaski County Courthouse by these various county offices.

The chancellor held that the ordinance was illegal, that the interest earned on such tax money belonged to the legal entities for which it was collected. The chancellor also declared that the law provided that only the assessor's office could charge these entities its expenses and that no other county officer was authorized to collect for his expenses. Therefore, the chancellor denied all requests for charges claimed by county officers other than the assessor's. The total amounts claimed by the assessor, which covered automobiles and the rental value of space, were allowed.

Mears and the other appellants appeal the judgment of the chancellor and argue that the use of the tax money to earn interest is not prohibited by law and that the chancellor should have allowed the other county officials to collect for their expenses. There was no cross appeal filed by the appellees.

We affirm the decree entered by the chancellor.

First, Article 16, Section 11 of the Arkansas Constitution requires that tax money be used only for the purpose for which it is raised. It reads:

No tax shall be levied except in pursuance of law, and every law imposing a tax shall state distinctly the object of the same; and no moneys arising from a tax levied for one purpose shall be used for any other purpose.

Clearly on point is *Pomona City School Dist.* v. *Payne,* 9 Cal. App. 2d 510, 50 P.2d 822 (1935), which held that interest on school taxes was part of the principal and belonged to the schools absent legislative action. We relied on *Pomona* in *Miles* v. *Gordon,* 234 Ark. 525, 353 S.W. 2d 157 (1962), when we held that Article 16, Section 12 of the Constitution, which prohibits taking money out of the state treasury without an appropriation, did not apply to interest on tax money when the two were separated by legislation. In view of Article 16, Section 11, our reasoning in *Miles,* and the absence of legislative action, there is no doubt the interest belongs to the school districts.

The appellants' response is that the county ordinance was, under *Miles,* a legislative action which separated the interest and the principal. *Miles,* however, applied Article 16, Section 12, not Section 11. Furthermore, there was no statute here, only an ordinance. Whether the General Assembly could do what the quorum court attempted to do is not an issue before us and, following a practice which invariably proves sound, one which we do not decide. It is enough to point out that the county is prohibited by Act 742, § 73(c) of 1977 from passing any legislation "affecting the public school system," which this ordinance surely does.

The chancellor was essentially correct in holding that the claim of the county and its officials for certain expenses was permitted by Arkansas statute, although the chancellor incorrectly based a part of his order on Ark. Stat. Ann. § 12-809 (Supp. 1975), which has been repealed. Ark. Stat. Ann. § 12-806 does provide that the assessor's office can recover for its "salaries and necessary expenses" on a pro rata basis from taxing units it services for the collection of taxes. That is the only legal charge that can be made against the units.

More importantly, in 1977 the General Assembly denied certain powers to the quorum court. In Section 73(c) of Act 742, which was passed that year, the General Assembly prohibited the quorum courts from passing:

(c) any legislative act that applies to or affects the public school system except that a county government may im-

pose an assessment where established by the General Assembly, reasonably related to the cost of any service or specific benefit provided by county government. . . .

The General Assembly has not passed any legislation establishing an "assessment," so none except that by the assessor's office can be made.

The appellees, as well as the Arkansas Education Association which filed an *amicus curiae* brief in this case, argue that the chancellor was wrong in allowing the assessor any expenses. Specifically, it is argued that the expenses are illegal and unreasonable. Whether the formula used by the county in creating as expense figures based on what the rental charge would be for the assessor's office is legal, or whether the charge for ten automobiles is reasonable, is not before us. The appellees did not cross appeal from this part of the chancellor's decision and the AEA lacks power to raise this issue; One coming before this court in the posture of *amicus curiae* is bound by the questions which are properly before us. See, *Equilease Corp.* v. *U.S.F. & G. Co., et al,* 262 Ark. 689, 565 S.W. 2d 125 (1978). See also, *Giles* v. *State,* 261 Ark. 413, 549 S.W. 2d 479 (1977), cert. den. 434 U.S. 894, 98 S. Ct. 272, 54 L. Ed. 2d 120 (1977).

Since the question is not properly before us, we do not rule on it. The proper method of obtaining review was not followed. See, Rules of Appellate Procedure, Rule 3.

Affirmed.