The Honorable Charles L. Robinson Legislative Auditor State Capitol, Room 172 Little Rock, Arkansas 72201
Dear Mr. Robinson:
This is in response to your request concerning Opinion No. 83-101, previously issued by this office. (See copy enclosed). That opinion concluded that the interest earned on "street funds" may be used for purposes other than those to which the "street fund" may be applied. You note that this opinion relied on the cases of Easterling v. Cook, 175 Ark. 574, 299 S.W. 1009 (1927) and Board of Education v. Morgan, 182 Ark. 1110, 34 S.W.2d 1063
(1931), both of which have now been overruled. See Hartwick v. Thorne, 300 Ark. 502, 780 S.W.2d 531 (1989); Mears v. Little Rock School District, 268 Ark. 30, 593 S.W.2d 42 (1980); and Miles v. Gordon, 234 Ark. 525, 353 S.W.2d 157 (1962).
You pose two questions relative to the above, which are as follows:
 1. May interest earned on county road funds or municipal street funds be used for other purposes?
 2. In absence of specific statutory authority, may interest earned on tax funds collected either at the state or local level be used for a purpose other than for which the tax was collected?
In my opinion, the answer to your first question is "no" under current law. To the extent Opinion No. 83-101 concludes otherwise, it is superseded, as the cases on which it relies have been overruled.
This conclusion is based upon the fact that there is currently no statute purporting to separate the interest on these funds from the principal. The Arkansas Supreme Court in Miles v. Gordon, supra, held that unless lawfully separated from the principal, the interest on public funds becomes an accretion thereto and may be used for the purposes for which the principal may be used.
A question may remain, however, with regard to whether the interest on special taxes such as county road or municipal street funds may be lawfully separated from the principal by statute and used for another purpose.[1] A review of the cases in this area indicates that the Arkansas Supreme Court has not squarely addressed the issue.
The Arkansas Supreme Court in Hartwick, supra, held that interest monies arising from Amendment 13 bond proceeds must be spent for the purposes for which they were levied, or be refunded to the taxpayers. Otherwise, an illegal exaction would result. See Arkansas Constitution, Art. 16, § 13. In doing so, it expressly overruled Easterling and Morgan, supra, which stood for the proposition that accrued interest amounts on tax monies are not "taxes" and are not subject to Art. 16, § 11's prohibition against tax dollars levied for one purpose being used for another. Additionally, the Court in Hartwick, supra, in distinguishing a prior case involving interest collected on funds which had been deposited into the general revenues of the state treasury (Miles v. Gordon, supra), has perhaps suggested that interest on special tax monies cannot lawfully be separated from the principal. Hartwick, 300 Ark. at 508.
The Court in Mears v. Little Rock School District, supra, which involved school taxes, did not have to decide the issue because there was no statute separating principal and interest; there was only an ordinance, which the county lacked authority to enact. The Court specifically declined to decide whether the General Assembly could do what the quorum court attempted to do. Mears,268 Ark. at 33.
A conclusive determination with regard to special taxes is not necessary at this point, because there is currently no state law which purports to separate the interest from the principal of these funds. If such a law is passed, future case law will, in my opinion, be necessary before the issue will be clearly resolved.
Your second question is whether, in the absence of specific statutory authority, interest earned on tax funds at either the state or local level may be used for purposes other than those for which the tax was collected. It is my opinion that the answer to this question is "no"; the general rule is that interest becomes an accretion to the principal and becomes a part thereof, unless lawfully separated therefrom. See Miles v. Gordon, supra. As previously noted, however, a question remains whether the interest on special tax monies can be lawfully separated.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker and Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] Our research has not disclosed such a statute under current law. We would note, in fact, that a bill has been filed during this legislative session to allow interest earned on county road fund revenue to be credited to the county road fund, and not the county general fund. See House Bill 1024.