BAPTIST HEALTH *v.* Bruce E. MURPHY, M.D.,
Scott L. Beau, M.D., David C. Bauman, M.D.,
D. Andrew Henry, M.D., David M. Mego, M.D.,
and William A. Rollefson, M.D.

04-430                                    189 S.W.3d 438

Supreme Court of Arkansas
Opinion delivered July 1, 2004

*The Health Law Firm,* by: *Harold H. Simpson* and *Seth Ward, II,* for appellant.

*Griffin & Block, PLLC,* by: *Royce O. Griffin* and *Clifford P. Block,* for appellees.

*Mitchell, Blackstock, Barnes, Wagoner, Ivers & Sneddon, PLLC,* by: *Michael W. Mitchell, David Ivers, Emily Sneddon* and *Oliver Hahn,* for amicus curiae.

PER CURIAM. Appellant Baptist Health has filed an interlocutory appeal from a preliminary injunction granted to appellees by the Pulaski County Circuit Court in an order entered March 22, 2004. The appellees are physicians who have been or will be denied staff appointments and clinical privileges at medical facilities owned by Baptist Health because they are shareholders of Little Rock Cardiology Clinic, P.A., which, in turn, owns a minority ownership interest in the Arkansas Heart Hospital, a competitor of Baptist Health. At issue in this per curiam opinion are two motions that have been filed in conjunction with this appeal: (1) a motion by the American Medical Association (AMA) and the Arkansas Medical Society (AMS) for permission to file an amicus curiae brief; and (2) a motion by the appellee physicians to supplement the record. We deny both motions.

### Motion for Permission to File Amicus Curiae Brief

In support of their request for permission to file an amicus brief, the AMA and the AMS argue that several of the AMA's ethical rules or opinions are at issue, or are implicated, in this case, and the AMA is the entity best able to interpret its own rules for this court. They further argue that they should be allowed to file as amici because a ruling in this case, and any interpretation by this court of the AMA's rules, will impact doctor-patient relationships as well as other health care issues. The appellee physicians agree with the AMA and the AMS and support their motion to file a brief as amici. Baptist Health argues against the motion, asserting that the trial court neither cited to nor relied on the AMA's rules in granting the preliminary injunction; therefore, the AMA's rules are not at issue in this interlocutory appeal.

One coming before this court in the posture of amicus curiae is bound by the questions that are properly before us. *Mears v. Little Rock Sch. Dist.*, 268 Ark. 30, 593 S.W.2d 42 (1980). We have consistently limited amicus briefs to the facts proven at trial and the points raised by the parties on appeal. *Ferguson v. Brick*, 279 Ark. 168, 649 S.W.2d 397 (1983). Amicus curiae cannot enlarge the issues beyond those raised by the pleadings of the parties in the lower court. *Priest v. Polk*, 322 Ark. 673, 912 S.W.2d 902 (1995); *City of Little Rock v. AT&T Communications of the Southwest , Inc.*, 316 Ark. 94, 870 S.W.2d 217 (1994); *see also Equilease Corp. v. United States Fidelity & Guaranty Co.*, 262 Ark. 689, 565 S.W.2d

125 (1978) (refusing to consider new issues in amicus brief because amicus must take the case as he finds it and cannot introduce new issues at the appellate level).

A perusal of the pleadings contained in the .addendum reflects that Baptist Health is correct in its assertion that the ethical rules and opinions of the AMA were not at issue below and were not relied upon by the trial court in its order granting the preliminary injunction. Moreover, in the hearing below, when Baptist Health attempted to bring to the trial court's attention one of the ethical opinions referenced by the AMA and the AMS in their motion, Opinion E-8.032, the trial court sustained the appellees' objection to testimony about Opinion E-8.032 on relevancy grounds.

The issues presented by the AMA and the AMS in their motion were not raised by the pleadings, nor were they considered or relied upon by the trial court when it granted the preliminary injunction. For these reasons, we deny the motion to file an amicus brief.

### Motion to Supplement the Record

For their motion to supplement the record, the appellee physicians ask this court for leave to include in the record pleadings filed by Baptist Health on May 12, 2004. The trial court's order at issue in this interlocutory appeal was entered on March 22, 2004. Thus, the pleadings offered by the appellees did not exist at the time the trial court entered its order and we will not consider them as part of the record in this appeal. *See, e.g., Hunt v. Perry*, No. 03-1014, slip op. (April 29, 2004), at n.1.

Motions denied.

DICKEY, C.J., and IMBER, J., not participating.