The Honorable Randy Laverty State Senator Post Office Box 303 Jasper, Arkansas 72641
Dear Senator Laverty:
I am writing in response to your request for an opinion on the following question:
 May all the expenses incurred by a county civil attorney or county attorney employed under authority of A.C.A. § 16-21-114 be pro-rated over all taxing entities or is reimbursement restricted to services either requested by that taxing entity or legal services incurred in assessing property, collecting taxes and receiving and disbursing revenues?
RESPONSE
In my opinion only necessary legal costs in assessing property, collecting taxes, and receiving and disbursing revenues may be pro rated to taxing entities other than the county, in accordance with A.C.A. §16-21-114 (f).
The statute you reference provides for the selection of a county civil attorney by quorum court ordinance and imposes a number of duties on such attorney. A.C.A. § 16-21-114 (a) (d). Subsection (f) of the statute provides as follows:
 (f)(1) In counties having a full-time office of county civil attorney or a contract county civil attorney, every municipality, school district, and other local taxing unit receiving ad valorem or other tax funds collected by county collectors shall reimburse the county for the taxing unit's pro rata share of the necessary legal costs incurred by the county in assessing property, collecting taxes, and receiving and disbursing revenues for the unit.
(2) Such legal costs shall include:
 (A) Reasonable expenses incurred by a county civil attorney and his staff while providing tax-related legal services for the unit; and
 (B) A percentage of the salaries and fringe benefits of a full-time county civil attorney and his staff based on the ratio between time spent on tax-related legal services for the taxing unit and time spent on all legal services; and
 (C) A reasonable fee charged by a contract county civil attorney for services rendered regarding the assessment, collection, receipt, or disbursement of taxes.
 (3) The amount to be reimbursed annually by each taxing unit, as its pro rata share of the county's necessary legal costs, shall be based on the proportion that the total of taxes collected for the benefit of each taxing unit bears to the total of taxes collected for the benefit of all taxing units.
 (4) To facilitate reimbursement, there is hereby created a county attorney's fund, which shall be administered in the same manner as the county assessor's fund established in § 14-15-204.
A.C.A. § 16-21-114(f) (Repl. 1999) (emphasis added).
The statutory authorization for pro rata reimbursement relates only to "necessary legal costs incurred by the county in assessing property, collecting taxes, and receiving and disbursing revenues. . . ." A.C.A. §16-21-114(f)(1). The statute provides for pro rata reimbursement of: 1) expenses incurred while providing tax-related legal services; 2) salaries and fringe benefits of a full-time county civil attorney and his staff based on the amount of time spent on tax-related legal services; and 3) a reasonable fee charged by a contract civil attorney for services regarding the assessment, collection, receipt, or disbursement of taxes. There is no authority in this statute, or in any other statute I have found, that authorizes a county to charge other taxing units (such as municipalities and school districts), for services related to topics other than assessing and collecting taxes, and receiving and disbursing revenues for the taxing unit.[1]
In my opinion, additionally, a county does not have independent authority, by ordinance or otherwise and without statutory authorization, to impose reimbursement on other taxing units for legal services on any matters falling outside the scope of A.C.A. §16-21-114(f). This conclusion is dictated by A.C.A. § 14-14-805(3) and (12) and by A.C.A. § 14-14-806(3), which provide respectively as follows:
14-14-805. Powers denied.
 Each county quorum court in the State of Arkansas exercising local legislative authority is prohibited the exercise of the following:
* * *
 (3) Any legislative act that applies to or affects the public school system, except that a county government may impose an assessment, where established by the General Assembly, reasonably related to the cost of any service or specific benefit provided by county government and shall exercise any legislative authority which it is required by law to exercise regarding the public school system;
* * *
 (12) Any legislative act that conflicts with the exercise by municipalities of any expressed, implied, or essential powers of municipal government;
* * *
14-14-806. Powers requiring state delegation.
 Each county quorum court in the State of Arkansas exercising local legislative authority is prohibited the exercise of the following powers, unless the power is specifically delegated by the General Assembly:
* * *
 (3) The legislative power to impose a duty on or regulate another unit of local government. However, nothing in this limitation shall affect the right of a county to enter into and enforce an agreement of intergovernmental cooperation;
A county is therefore limited in imposing reimbursement on other taxing units for county attorney services to those costs specifically detailed in A.C.A. § 16-21-114. See also, Mears, Judge v. Little Rock SchoolDistrict, 268 Ark. 30, 34, 593 S.W.2d 42 (1980).
Finally, I am somewhat uncertain as to your suggestion that reimbursement might be imposed on other taxing units for "services . . . requested by that taxing entity," where such costs are not related to assessment or collection or taxes or receiving and disbursing revenues. Presumably, other taxing units, including specifically municipalities and school districts, would rely upon their own counsel (i.e. the city attorney or private counsel for the school district), for legal advice and services on these matters. It is not clear to me why a county civil attorney would be providing services to other taxing units on extraneous issues. In any event, the formula in A.C.A. § 16-21-114(f)(3) does not contemplate reimbursement based on any such requested services.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB: ECW/cyh
[1] The actual language of subsection (f)(2)(A) of A.C.A. § 16-21-114
provides for pro rata reimbursement of "[r]easonable expenses incurred by a county civil attorney while providing tax-related legal services forthe unit." Emphasis added. Subsection (f)(2)(B) also mentions tax related legal services "for the unit." Subsection (f)(3), on the other hand, provides that the amount to be reimbursed annually by each taxing unit shall be based on the proportion that the total taxes collected for the benefit of each taxing unit bears to the total of taxes collected for all units. Subsections (f)(2)(A) and (B) therefore, by using the words "for the unit," might be read as requiring a separate calculation of expenses incurred for services to a particular taxing unit, while subsection (f)(3) contemplates an aggregation of all tax-related costs, which amount is then pro rated based on the proportion of taxes collected for the unit. It is not possible to both separately calculate expenses related to a particular taxing unit under (f)(2)(A) and (B) and then also apply the proportionate calculation to such all costs under (f)(3). In my opinion, therefore, the words "for the unit" were not intended to require any separate calculation and do not affect the reimbursement formula under (f)(3). In any event, in response to your question, all such expenses must be "tax-related" in order to charge the taxing units a proportional share.